| United States of America, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Case No. 17-20153-CR-Scola |
| | ) | |
| Jose Ortiz-Santizo, | ) | |
| Defendant. | ) | |

### Order Denying Motion to Suppress Following Evidentiary Hearing

On August 14, 2017, the Court conducted an evidentiary hearing on Defendant Jose Ortiz-Santizo's motion to suppress. (Def.'s Mot. to Suppress, ECF No. 51.) In his motion Ortiz-Santizo claims that evidence found as a result of a search of the vehicle he was driving should be suppressed because the car was immobile and non-operational.

The evidence at issue in this case was seized through a warrantless search. "Upon a motion to suppress evidence garnered through a *warrantless* search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution. The Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the fourth amendment." *United States v. Freire*, 710 F.2d 1515, 1519. (emphasis in original) (internal citation omitted).

The Government presented the testimony of Florida Highway Patrol Sergeant Manricky Berthet, Florida Highway Patrol Trooper Alexis Otano, and Broward County Sheriff's Office Detective Carlos Muvdi at the evidentiary hearing. After considering the credible evidence and testimony and the relevant legal authorities, and for the reasons more particularly set forth below, the Motion is **denied**.

### 1. Statement of Facts

In the early evening hours of February 16, 2017, Sergeant Berthet approached Ortiz-Santizo's sedan which was stopped on Interstate 95, in the left, northbound lane near exit 2B in Miami, Florida. Berthet, upon nearing the car, perceived the smell of marijuana. Berthet has sufficient experience and training in narcotics to allow him to decipher the odor. Based on the odor, Berthet immediately radioed for a narcotics-detecting canine to report to the scene. In the meantime, Berthet noticed that Ortiz-Santizo appeared nervous and was

hugging a black backpack close to his chest. In response to Berthet's inquiry regarding his car, Ortiz-Santizo explained that the car had broken down and that he had already requested a tow. Berthet then detained Ortiz-Santizo and his female passenger, advising them that they would be held, in another trooper's unit, pending the completion of a canine sniff of the vehicle. Shortly thereafter, or as Ortiz-Santizo and his passenger were being placed in the trooper's car, Ortiz-Santizo's requested tow truck arrived. For everyone's safety, Berthet directed the tow-truck driver to pull the car off the highway, relocating it to a surface street just off the nearby exit.

     Once the other patrol unit brought Ortiz-Santizo and his passenger to the street location to where the car had been towed, Trooper Otano arrived with his narcotics-detecting canine. Otano himself, like Berthet, immediately smelled marijuana as he approached the sedan. The canine thereafter alerted, twice, to the odor of a controlled substance within the vehicle, signaling by the car's driver-side door. When the canine then entered the car, it alerted to a controlled substance within the black backpack, which Ortiz-Santizo had earlier clutched on his lap and which was then located in the car's backseat. After searching the contents of the backpack, Otano found 111.6 grams of methamphetamine and 11.5 grams of marijuana. Ortiz-Santizo was thereupon arrested and the police released the car to his passenger who then departed with the tow-truck and the vehicle.

## 2. The warrantless search of Ortiz-Santizo's vehicle was justified.

     The Fourth Amendment prohibits warrantless searches except when the search is conducted with consent or under certain exigent circumstances. *See Florida v. Royer*, 460 U.S. 491, 497 (1983). The Supreme Court has identified the mobility of cars as creating, without more, an exigency: "The mobility of automobiles . . . 'creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible.'" *California v. Carney*, 471 U.S. 386, 391 (1985) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976)). Further, provided there is probable cause for a search, "[e]ven in cases where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justified application of the vehicular exception." *Carney*, 471 U.S. at 391.

     Here, Ortiz-Santizo argues that the search of his vehicle was improper because the car was "clearly" "non-operational" and "immovable." (Def.'s Mot. at 3.) In support, Ortiz-Santizo cites to Berthet's having pulled over to assist him because the car was stopped and blocking traffic on I-95 and, further, a tow truck had to come and move it off the highway. (*Id.* at 3–4.) Additionally, says Ortiz-Santizo, there were no exigent circumstances because he had already been

arrested. (*Id.* at 4.)

Ortiz-Santizo's arguments fail. First, none of the facts recited by Ortiz-Santizo establish or even suggest that the car was "clearly" non-operational or immovable. Instead, the car had obviously just recently been operational and moving as it had just been traveling on I-95. Moreover, Ortiz-Santizo informed the officers that he had just spent a lot of money getting the car fixed and there appeared to be some sort of electronic issue. There was no evidence presented that an observer could discern, just by looking at the car, that it was inoperable. Instead, based on the evidence presented, the car "reasonably appear[ed] to be capable of functioning." *United States v. Nixon*, 918 F.2d 895, 903 (11th Cir. 1990) (noting that "the requirement of exigent circumstances is satisfied by the 'ready mobility' inherent in all automobiles that *reasonably appear to be capable of functioning*") (emphasis added).

That Ortiz-Santizo was already in custody is of no moment for "[t]he mobility requirement focuses on whether the vehicle is capable of functioning, not whether it is likely to move in the near future." *United States v. Garcia*, 433 F. App'x 741, 744–45 (11th Cir. 2011); *see also United States v. Haynes*, 301 F.3d 669, 678 (6th Cir. 2002) (finding vehicle "readily mobile" despite the defendant's having already been taken into custody). The Government presented evidence through Detective Muvdi, and unrebutted by Ortiz-Santizo, that at least in early August 2017, the car was indeed functioning and for sale. The Court need not assess "the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant." *Michigan v. Thomas*, 458 U.S. 259, 261 (1982). And, in any event, in the unique circumstances in this case, the Defendant had already made arrangements to have the car towed by the time the police made contact with him. In fact, the car was towed by the truck Ortiz-Santizo had summoned prior to the canine unit even arriving on seen. Thus the car, in this case, was readily movable, and indeed was moved, despite the car not being able to, at that very moment, travel under its own power.

Accordingly, the Court finds Ortiz-Santizo's car fit within the automobile exception, justifying its warrantless search. In reaching this conclusion, the Court, in addition to the lesser expectation of privacy in one's automobile, takes into consideration the combination of the following factors: the car's apparent operability just prior to contact with law enforcement; the car's location on a busy public roadway; unrebutted evidence that the car's engine troubles were fixable and indeed were fixed; a tow truck that was already en route, at the Defendant's request, to move the vehicle; and the ensuing and nearly immediate towing of the vehicle from the highway to a nearby surface street and then to a third location, under the custody of the Defendant's passenger.

### 3. Conclusion

After considering the motion to suppress, the record, the testimony, and the relevant legal authorities, and for the reasons articulated in this order, the Court **denies** the motion to suppress evidence (**ECF No. 40**).

**Done and Ordered** at Miami, Florida, on August 14, 2017.

Robert N. Scola, Jr.
United States District Judge